

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,              )
)
      Plaintiff-Respondent,     )
)
v.                             )      No. SD38160
)
)      Filed: **November 12, 2024**
MARK SALEUTOGI KELEISE,   )
)
      Defendant-Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Joshua B. Christensen, Judge

### AFFIRMED

Mark Saleutogi Keleise ("Defendant") appeals his convictions for one count of kidnapping under §565.110; one count of child kidnapping under §565.115; one count of armed criminal action under §571.015; one count of first-degree domestic assault under §565.072; one count of second-degree domestic assault under §565.073; and six counts of third-degree domestic assault under §565.074.[1]  In his sole point on appeal, Defendant contends that the trial court plainly erred by sending a video of a juvenile witness interview conducted by the Child Advocacy Center

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, as amended through July 10 and September 19, 2021, the dates of the charged incidents.

("CAC") to the jury during its deliberation. Because Defendant waived plain error review, the judgment is affirmed.

## Factual Background and Procedural History

Defendant and Victim had an "off and on" relationship, and this case involves two separate incidents between them. On July 10, 2021, Defendant assaulted Victim. Victim called 911 and the responding officer took photographs of Victim's injuries, which included bruising and swelling on her forearm and face. N.G., Victim's ten-year old granddaughter, did not witness this incident.

On September 19, 2021, another altercation occurred between Defendant and Victim. Victim testified that Defendant choked and punched her. Victim admitted that she attempted to strike Defendant with a baseball bat, but he took it away from her. Defendant then struck Victim with the bat, causing her to suffer a fractured nose and occipital bone. Defendant admitted to causing Victim's injuries, but alleged that he acted in self-defense.

The September 19, 2021 assault was witnessed by N.G. On September 22, 2021, a forensic interviewer at the CAC conducted a video-recorded interview with N.G. At trial, the State offered the video into evidence as Exhibit 48A. Defense counsel objected, arguing that the video was unreliable, but the objection was overruled. N.G. testified in-person at trial, and told the jury that she witnessed Defendant's September 19, 2021 assault on Victim.

During deliberations, the jury asked to see Exhibit 48A. The trial court asked counsel about language for a response to the jury's request, to which defense counsel proposed, "We have provided Exhibit 48A and the TV to watch it?" The State agreed with the proposed language, and the trial judge then asked, "Anything else for the record?" to which defense counsel responded, "Nothing for the record." At no time did defense counsel object to providing Exhibit 48A to the jury as they requested.

2

The jury returned a verdict of guilty on one count of kidnapping, one count of child kidnapping, one count of armed criminal action, one count of first-degree domestic assault, one count of second-degree domestic assault, and six counts of third-degree domestic assault. Defendant did not raise any objection to providing Exhibit 48A to the jury in his motion for new trial. This appeal followed.

## Discussion

Because Defendant did not object when Exhibit 48A was sent to the jury during deliberations and failed to raise this issue in his motion for new trial, he requests that this Court engage in plain error review. A claim of error not raised in a motion for new trial is not preserved for our review. *State v. Pennington*, 24 S.W.3d 185, 188 (Mo. App. W.D. 2000). However, appellate courts have discretion to review "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.[2]

Plain error review is waived, however, when counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence. *State v. Mead*, 105 S.W.3d 552, 556 (Mo. App. W.D. 2003). "A statement that counsel has no objection, as opposed to a failure to object, waives plain error review because the response precludes a finding that the failure to object was negligent or inadvertent." *State v. Wright*, 30 S.W.3d 906, 911 (Mo. App. E.D. 2000) (quoting *State v. Scott*, 858 S.W.2d 282, 285 (Mo. App. W.D. 1993)).

In this case, defense counsel did not merely fail to object when the trial court sent Exhibit 48A to the jury. When the jury requested Exhibit 48A, defense counsel affirmatively participated in sending it to the jury by proposing the language, "We have provided Exhibit 48A and the TV to watch it?" in response to the jury's request. Then, when the trial judge asked defense counsel if

---

[2] Unless otherwise noted, all rule references are to Missouri Court Rules (2022).

there was anything else for the record, defense counsel responded, "Nothing for the record." Defense counsel's affirmative assistance in helping to send Exhibit 48A to the jury during deliberations precludes a finding that the failure to object was due to inadvertence or negligence, and any claim of plain error on this issue is therefore waived.[3]

**Conclusion**

The judgment of the trial court is affirmed.

MATTHEW P. HAMNER, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

---

[3] Even if Defendant had not waived his claim of plain error, we would still decline to engage in plain error review because there is no "evident, obvious or clear" error in this case. Although Defendant is correct that exhibits that are testimonial in nature cannot be given to the jury during deliberations, ***State v. Evans***, 639 S.W.2d 792, 795 (Mo. banc 1982), Missouri courts have consistently held that forensic interviews do not fall under this prohibition. ***State v. Parker***, 208 S.W.3d 331, 339 (Mo. App. S.D. 2006); *see also* ***State v. Partain***, 310 S.W.3d 765, 769 (Mo. App. E.D. 2010) and ***State v. Ragland***, 494 S.W.3d 613, 628 (Mo. App. E.D. 2016). As N.G. testified at trial, the CAC interview was not testimonial in nature and no error was committed by allowing the jury to view it during deliberations.